Caruthers, J.,
delivered the opinion of the Court.
The plaintiff had an account against his father, the intestate of defendant, for $82, which he presented to the latter, as administrator, for payment. One-half of it was paid, and a promise made by the administrator to credit a note due the estate for so much of the balance as might be just — not admitting it all to be so. More than two years were permitted to elapse, before *604 this suit was instituted, and the limitation of two years provided by the act of 1789, Code, section 2279, relied upon as a bar. To avoid this, it is insisted that the delay was at the request of the administrator. Code, 2280. The suit was commenced before a magistrate, and there are no pleadings; but the questions arise in the case as above stated.
In the construction of this statute it has been held by this Court, that the delay agreed upon at the request of the administrator, to avoid the bar, must be for a definite time, and such is the express language of the Code, 2280, or to an event which may occur, and thereby render the period certain. 11 Hum., 515; 1 Sneed, 470. In this case, nothing of the kind appears. The proof shows nothing like a request for delay for any time, or until any event; but establishes a settlement of the claim by _ the payment of one-half, and a discharge of the other, so far as it might be just, by a credit on an adverse claim. Whether, in fact, the credit was entered upon the' note due the estate, or what was the amount of that note, if it existed, does not appear, nor is it material in the aspect in which the questions are presented.
It was the folly of the plaintiff not to have attended to that, and sued in the prescribed time for the balance of his claim, if justice was not done to him in that matter by the administrator. But all that, let it he as it may, has nothing to do with the questions of law presented in the case. The fact is admitted that the claim was not asserted by suit within the two years from the qualification of the administrator, and the only inquiry is, was this delay excused, and the bar saved, *605 as required by the act and the decisions referred to. There can be no pretence that such a case is made out, and the judgment against the plaintiff was proper, and will be affirmed.